

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX                                      November 7, 1990
ATTORNEY GENERAL

Honorable Lisa L. Peterson              Opinion No. JM-1240
Nolan County Attorney
P. O. Box 1201                          Re:    Authority of county
Sweetwater, Texas  79556                employees to  use  equip-
                                        ment to  transport  agri-
                                        cultural commodities   for
                                        a community action organ-
                                        ization   (RQ-2024)

Dear Ms. Peterson:

        You ask whether the county may authorize the use of its
employees and equipment  to transport agricultural  commodi-
ties made available through the United States Department  of
Agriculture (USDA) for  a non-profit  organization that  has
been designated a community action agency.

        People for Progress, Inc.  (PPI), a non-profit organiza-
tion funded largely  by grants, has  been designated by  the
Department of  Human Services  (DHS) to  distribute  surplus
commodities which  DHS  receives  from  the  USDA  in  Nolan
County.  You  relate the  following  facts relative  to  the
distribution of such commodities.

            [PPI] is  responsible  for  transporting  the
            commodities from a central distribution point
            to the county,  and otherwise complying  with
            the DHS  regulations.   Funds  are  available
            though DHS  to reimburse  the local  agencies
            for all expenses incurred in  transportation,
            storage, and distribution, even to rental and
            depreciation of typewriters and other  office
            equipment.  (Source:  Texas  Department    of
            Human Resources  Publication  No.  EFAP-85-O,
            1985)  Until recently, PPI contracted with  a
            private carrier for the transportation of the
            commodities.  The carrier is now  unavailable
            and the  County  has been  asked  to  provide
            transportation.

Section 33.001 of the Human Resources Code addresses the matter of the distribution of federal surplus commodities, as follows:

> (a) The department [DHS] is the state agency designated to cooperate with the federal government in administering the distribution of federal surplus commodities and other resources.
>
> (b) The department may cooperate with a city or county in any manner necessary for the proper operation of this program.

Section 33.003 of the Human Resources Code provides for distribution districts and agents. Section 33.003 states:

> (a) The department may establish distribution districts and employ distributing agents or may make other arrangements necessary to provide for the efficient distribution of commodities and food stamps.

We do not have the benefit of having the agreement between DHS and PPI before us. However, we understand your question to be whether the county has authority to authorize the use of its employees and equipment to transport the commodities rather than whether the county is under any obligation to participate under the agreement.

You suggest that the use of county employees and equipment may be violative of the constitutional provisions prohibiting a commissioners court from granting money or any other thing of value to any individual, association or corporation. See Tex. Const. arts. III, § 52; XI, § 3. While you recognize that DHS may make arrangements with the county for distribution of the commodities, you note that DHS elected to make arrangements with PPI as its distributing agent. Under these circumstances, you also raise the question of whether there is any statutory authority for the county to participate in the program.

The commissioners court has the powers expressly conferred upon it by the constitution and the legislature, as well as the implied powers necessary to exercise powers expressly conferred. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). Article III, section 52, and article XI, section 3, of the Texas Constitution prohibit a county from

donating money or any other thing of value to a corporation. See Attorney General Opinion JM-1199 (1990).

Section 11.003 of the Human Resources Code expressly provides that counties and municipalities are not relieved from their responsibilities by virtue of the assistance rendered by DHS.  Section 11.003 provides:

> No provision of this title [Hum. Res. Code title 2] is intended to release the counties and municipalities in this state from the specific responsibilities they have with regard to the support of public welfare, child welfare, and relief services. Funds which the counties and municipalities may appropriate for the support of those programs may be administered through the department's local or regional offices, and if administered in that manner must be devoted exclusively to the programs in the county or municipality making the appropriation. (Emphasis added.)

You direct our attention to Attorney General Opinions M-812 (1971) and JM-431 (1986).  Attorney General Opinion JM-431 concluded that there was neither constitutional nor statutory authority for a county commissioner to expend county funds or utilize county-paid personnel to collect aid for foreign victims of a natural disaster.  Attorney General Opinion M-812 concluded that counties are authorized to expend county funds for carrying out the food stamp program where the county has contracted with the State Department of Public Welfare pursuant to then article 695c, V.T.C.S. (now codified as various sections of title 2, Human Resources Code).  You reason that in light of the foregoing opinions, the use of county man-hours and equipment to transport commodities where DHS has a contract with a private agency for such purpose would be an abuse of the use of public funds.

It is well established that a county may contract with a private entity to perform services that it might have performed itself.  Attorney General Opinions JM-716 (1987); JM-65 (1983); H-127 (1973).  Section 6 of article 2351, V.T.C.S., states that the commissioners court shall provide for the support of residents in the county who are unable to support themselves.  Section 122.001 of the Health and Safety Code provides that the commissioners court of a

county may appropriate and spend money from the general revenues for public health and sanitation in the county. It is within the discretion of the county to make expenditures for public health in the county. The commissioners court may make reasonable decisions under section 122.001 to spend county funds to protect the public health, subject to judicial review for abuse of discretion. See Attorney General Opinion JM-1199. Matters such as whether the local non-profit corporation has the resources and facilities at its disposal to meet the needs of residents for commodities to meet basic health requirements would appear to be a relevant consideration.

Title IV of chapter 33 of the Human Resources Code (Acts 1985, 69th Leg., ch. 150, eff. Aug. 26, 1985), relative to "Emergency Food Assistance to Families and Individuals" states in the purpose clause and legislative findings:

> 'Sec. 1. Purpose. It is the intent of the legislature that every Texan legitimately in need of emergency food assistance <u>receive help as rapidly as possible through the cooperative efforts of both the public and private sectors</u>.

> 'Sec. 2. Legislative Findings. The Legislature finds that:

> . . . .

> '(10) In 1984, over 500,000 Texans in the civilian labor force were unemployed and not receiving umemployment insurance benefits. <u>Many of these families and individuals report having difficulty getting an adequate supply of food and do not know where to turn for help</u>. Still others do not qualify to receive food stamps benefits.

> . . . .

> '(13) Responses to a statewide survey conducted by the Senate Interim Committee on Hunger and Nutrition among food banks indicated that food banks face significant <u>difficulty in obtaining a sufficient number of freezers, coolers, trucks, and other equipment to handle the increasing volume of</u>

> <u>food that they distribute throughout the</u>
> <u>state</u>.  (Emphasis added.)

Whether the findings of the 69th Legislature relative to people in need of adequate food reflect conditions that may exist in Nolan County is not a matter within our knowledge. Whether local conditions are such that the Nolan County Commissioners could reasonably assist PPI in distributing food for the needy is a fact question for the commissioners court to resolve in the first instance. In the event that it is determined that such a need exists, the legislature has evidenced its intent that DHS and a county cooperate in such a program. Any assistance that the county provides must be subject to controls, contractual or otherwise, to insure that the public purpose is carried out.

## S U M M A R Y

Nolan County is not relieved of its statutory authority to make expenditures for public health or its responsibility to provide for the support of residents who are unable to support themselves because the Department of Human Services has designated a non-profit organization to distribute agricultural commodities made available through the United States Department of Agriculture. Whether the local conditions are such that the commissioners court could reasonably use county employees and equipment to aid the non-profit corporation in the distribution of adequate food to the needy is a fact question for the commissioners court to resolve in the first instance. In the event such a need exists, the legislature has evidenced its intent that those in need of emergency food assistance receive help through the cooperative effort of the Department of Human Services and the county.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General